HALL, Judge.
Louisiana Power & Light Company, a foreign corporation created and organized for the purpose, inter alia, of developing and transmitting electricity for power, lighting, heating, and other such uses, duly authorized to do and doing business in this State, filed this suit on November 15,. 1966 seeking under the authority of LSA-R.S. T9:2(9) to expropriate in full fee ownership (minerals excluded) a certain tract of land in St. Charles Parish owned in indivi-sión by the defendants, Clifford C., Lydia N., and Thelma L. Bougere.
The property sought to be expropriated is a long unimproved strip of land slightly over 300 feet in width which extends from the forty arpent line in a northerly direction approximately 26,250 feet to Lake Pontchartrain containing approximately 180 acres. It is situated in the area between the Bonnet Care Spillway and the boundary line between St. Charles and St. John the Baptist Parishes and is bounded on its east or down-river side by a strip of land presently owned by plaintiff.
*384 The land sought to be expropriated is encumbered by two pipe line leases from which defendants receive an annual rental of $5,000.00
Plaintiff alleges in its petition that it seeks to expropriate defendants’ property for the purpose of constructing, operating and maintaining thereon permanent towers, conductors, insulators and other equipment and facilities for the transport of large blocks of electric power from and into plaintiff’s Little Gypsy steam electric generating, station which is located in the vicinity and that it requires maximum control of the property to prevent external influences which may cause major power failure or blackout to large areas.
On December 8, 1966 defendants filed an exception of no right or cause of action to plaintiff’s petition and also a “Special Plea of Excess” and an answer all based on the defense that (a) plaintiff needs no additional area but should be required to construct its facilities within the limits of its presently existing right of way in the immediate vicinity and (b) alternatively, any expropriation should be limited to a right of way and/or servitude.
The matter was fixed for trial on February 16, 1967 and was continued to March 8, 1967. Prior to the opening of Court on this latter date a pre-trial conference was held, all counsel being present. At the pre-trial conference, as noted in the minutes, it was made known to the Court that two of the defendant co-owners viz. Clifford C. Bougere and Lydia N. Bougere had reached an agreement with plaintiff, Louisiana Power & Light Company, to transfer to it by warranty deed their undivided two-thirds interest in the subject property in full ownership (minerals excluded) and counsel entered into a stipulation to that effect. It was also stipulated at the pretrial conference that the other co-owner, Thelma L. Bougere, had no objection to the taking of the land in full ownership (minerals excluded) but reserved her right to a hearing on the amount of compensation to be paid therefor.
Following the conclusion of the pre-trial conference Court was convened and Miss Thelma L. Bougere under questioning by the Court confirmed that she had no objection, and would offer no defense “insofar as the right of taking by Louisiana Power & Light Company, the necessity of the taking and the extent of the taking” was concerned, and that she was only concerned with the amount of compensation to be paid her for the taking. The Court then questioned counsel for all parties as to their understanding of the matters discussed and the agreements reached at the pre-trial conference.
Following this hearing of March 8, 1967 the Trial Judge rendered and signed a “Partial Judgment” dated March 10, 1967 granting to plaintiff, Louisiana Power & Light Company, the right of entry onto and possession of the subject property and the right to use it for the purposes outlined in its petition. The judgment made reference to the settlement of all issues involved between plaintiff and Clifford C. and Lydia N. Bougere relative to their undivided two-thirds interest in the property, and fixed for trial on April 12, 1967 the question of the compensation to be paid Thelma L. Bougere for her undivided one-third interest therein. This partial judgment was approved in writing by all counsel of record.
On April 12, 1967 the case came on for trial on the issue of the compensation to be paid Thelma L. Bougere for her undivided one-third interest in the property. At the outset of the trial counsel for Louisiana Power & Light' Company announced that subsequent to the rendition of the partial judgment of March 10, 1967 it had acquired by warranty deed the undivided two-thirds interest in the property formerly belonging to Clifford C. and Lydia N. Bougere paying therefor the sum of $110,000.00 based upon a valuation of $165,000.00 for the whole of the property. Counsel for Louisiana Power & Light Company then stipulated that the company upon acquisition of the property would *385 assign to Clifford C., Lydia N. and Thelma L. Bougere the two pipe line leases which produce an annual rental of $5,000.00.
Thereupon the parties introduced certain documentary evidence including two detailed appraisal reports, one by Mr. L. X. Lamulle, which was introduced on behalf of plaintiff, and the other by Mr. Omer F. Kuebel, which was introduced on behalf of the defendants. The matter was then submitted to the Court on the basis of the stipulations and documentary evidence without any oral testimony having been taken.
In his appraisal report Mr. Lamulle placed a valuation of $135,238.00 on the whole of the property (minerals excluded). Mr. Kuebel in his report placed thereon a valuation of $210,135.45 which includes the sum of $44,858.00 estimated by him to be the present worth of the future rentals from the two pipe line leases. His valuation of the property “leaving the mineral interest and existing leases for pipe lines in the existing ownership” was $165,277.45.
On May 16, 1967 the Trial Judge rendered judgment adjudicating Miss Thelma L. Bougere’s undivided one-third interest in the property to plaintiff upon the payment and deposit by it in the Registry of the Court for her account of the sum of $55,000.00 together with legal interest thereon from March 10, 1967 “until such time said amount is paid into the Registry of Court.”
An appeal from that judgment was taken on behalf of Miss Thelma L. Bougere. Her attorneys having withdrawn from the case following lodging of the appeal in this Court, Miss Bougere briefed and argued the appeal in proper person.
The sole question presented is quantum.
The compensation fixed by the Trial Court for Miss Thelma L. Bougere’s undivided one-third interest in the land is based upon a valuation of $165,000.00 for the whole interest therein after taking into consideration that the defendants retain both the mineral rights and the two pipe line leases.
We have carefully examined the record and the appraisal reports of Messrs. Lamulle and Kuebel and find that the highest value placed upon the whole property (minerals and pipe line leases excluded) is the valuation of $165,277.45 placed thereon by Mr. Kuebel who appraised the property for the defendant co-owners. This valuation is the same basis upon which Clifford C. Bougere and Lydia N. Bougere sold their undivided two-thirds interest therein to plaintiff.
We find no error in the basis upon which the Trial Court fixed the amount of compensation due appellant.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.